IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AUDREY DICK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COLORADO HOUSING ENTERPRISES, )<br>LLC, et al., )<br>)<br>Defendants. ) | <br><br><br><br><br><br><br><br><br><br>Civil Action No. 3:17-CV-0533-C |

## ORDER

Came on for consideration on this day Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, filed March 23, 2017. The Court further considered Defendants' Response, filed March 30, 2017, along with Defendants' Notice of Removal and attached state court filings.

## I.
## BACKGROUND

It is undisputed that Plaintiff borrowed the sum of $100,000.00 on November 14, 2014, as evidenced by a note in favor of Defendants, and defaulted on the payments. The loan was used for a commercial purpose and was secured with a deed of trust that granted Defendants a lien on real property Plaintiff owned.[1] Plaintiff had purchased the real property several years earlier. The proceeds of the loan were used to open a restaurant in Canon City, Colorado. Within a year, in August of 2015, Plaintiff was forced to close the restaurant due to her

---

[1] A copy of the deed of trust and promissory note are included in the filings.

husband's health issues. In a letter dated September 22, 2015, Plaintiff received notice of late payment and a warning that Defendants were going to foreclose. Plaintiff received another letter dated November 13, 2015, with a similar notice. In a letter dated December 7, 2015, Plaintiff received a demand and notice of intent to foreclose. Defendants' foreclosure attorneys sent a letter dated March 31, 2016, notifying Plaintiff that Defendants were going to foreclose and that the entire accelerated loan amount was due. After attempting to negotiate an offer to bring the loan current if and when his home in Colorado sold and the equity was available to apply to the default, Plaintiff's husband was informed that it was too late and Defendants would proceed with the foreclosure. On May 1, 2016, Plaintiff filed bankruptcy and the pending foreclosure was stayed. That bankruptcy was dismissed. On June 23, 2016, Plaintiff received a request from Defendants to verify the loan, and Plaintiff later received a notice of foreclosure sale on July 11, 2016. The foreclosure was set for August 2, 2016. Plaintiff then filed a second bankruptcy and the sale was stayed. That bankruptcy was also dismissed with a 180-day ban on filing a new bankruptcy. On September 10, 2016, Plaintiff received a notice of foreclosure sale for October 4, 2016. Plaintiff then filed a bankruptcy on her husband's behalf. Defendants filed a notice of appearance in the bankruptcy proceeding. The Defendants attempted to lift the bankruptcy stay in order to foreclose. The bankruptcy court considered the matter and issued an order that included the following language:

> . . . CHE is authorized to pursue any and all of its rights to the Property under the Loan Documents and applicable law, including taking any and all action necessary to conduct the first possible foreclosure sale of the Property and that CHE obtain possession of the Property to the exclusion of the Debtor, CoDebtor and any occupants of the Property. . . .

(Defs.' Resp. App. at Ex. 4 (Bankr. Order dated Dec. 5, 2016)).

Following entry of the bankruptcy court's order granting *in rem* relief, Plaintiff received a letter dated January 13, 2017, stating that Plaintiff owed $121,104.50 in accelerated amounts and that foreclosure sale was set for February 7, 2017. Plaintiff filed this instant litigation in state court on February 2, 2007, and also sought an *ex parte* temporary restraining order. The state court issued the *ex parte* temporary restraining order. Defendants filed their Notice of Removal and removed the case to this Court on February 23, 2017. Defendants re-posted the property for foreclosure sale to take place on April 4, 2017. Plaintiff has filed the instant Motion seeking the issuance of a restraining order and preliminary injunction stopping the foreclosure sale. In her lawsuit, Plaintiff brings three causes of action: (1) breach/anticipatory breach of contract regarding the deed of trust; (2) violation of the Texas Debt Collection Practices Act, Texas Finance Code §§ 392.001 *et seq.*; and (3) unclean hands.

## II.
## STANDARD

In order to obtain a preliminary injunction, a party must show (1) likelihood of success on the merits, (2) a substantial threat if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm to the party sought to be enjoined, and (4) that granting the preliminary injunction will not disserve the public interest. *Ponce v. Socorro Indep. Sch. Dist.*, 508 F.3d 765, 768 (5th Cir. 2007). A request for a preliminary injunction should be denied unless the party requesting it has clearly carried the burden of persuasion on each of the four requirements. *Lake Charles Diesel v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003).

To obtain a temporary restraining order, a party must also comply with the requirements of Federal Rule of Civil Procedure 65. Fed. R. Civ. P. 65.

## III.
## DISCUSSION

Defendants argue that Plaintiff cannot meet her burden of showing substantial likelihood of success on the merits as to her claim for unclean hands because such cause of action does not exist under Texas law. The Court agrees. Likewise, as argued by Defendants, Plaintiff cannot show a likelihood of success on the merits as to her cause of action under the Texas Debt Collection Practices Act because, by her own pleadings and admission, the debt secured by the note and deed of trust was for a commercial purpose—to open a business in Colorado. Thus, Plaintiff cannot pursue her claim under the Texas Debt Collection Practices Act. Tex. Fin. Code § 392.001 (applies to an individual who has a consumer debt, which is an obligation primarily for personal, family, or household purposes). Finally, as argued by Defendants, Plaintiff's breach/anticipatory breach claim was well known to Plaintiff at the time that Plaintiff filed the bankruptcies. Yet, Plaintiff failed to disclose or declare the claim in the three bankruptcy filings. Thus, as further argued by Defendants, Plaintiff is judicially estopped from doing so now in an apparent abuse of the judicial process. *Browning Mfg. v. Mims (In re Costal Plains, Inc.)*, 179 F.3d 197, 205 (5th Cir. 1999). Moreover, the Court finds that *res judicata* would apply to the breach/anticipatory breach claim. The matter of the foreclosure was brought before the bankruptcy court in the third bankruptcy filing, and any counterclaims or defenses should have been brought forward at that time. To advance the breach/anticipatory breach claim in this instant litigation is an attempt to collaterally attack the bankruptcy court's prior ruling allowing a

foreclosure. Additionally, Plaintiff's breach/anticipatory breach claim is in reality an attempt to seek an appellate review of the bankruptcy court's *in rem* ruling regarding the foreclosure sale. As such, the Court finds that Plaintiff's Emergency Motion should be **DENIED** for the reasons stated herein, as well as those argued by Defendants.

The Court will entertain a motion to dismiss, to be filed by Defendants no later than 9:00 a.m. on April 10, 2017, relating to each of the causes of action discussed above in the Court's review of whether Plaintiff has shown a substantial likelihood of success on the merits of each cause of action.

SO ORDERED.

Dated this 31st day of March, 2017.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE